O'Donnell v. Ridgley Protective Ass'n.

---

DANIEL O'DONNELL, APPELLEE, v. RIDGLEY PROTECTIVE ASSOCIATION, APPELLANT.

FILED JUNE 5, 1915. No. 18101.

1. Insurance: NOTICE OF ASSESSMENT: QUESTION FOR JURY. Under the evidence in this case, the court properly submitted to the jury the question whether notice of assessment against his insurance certificate had in fact been properly mailed to the plaintiff.

2. ———: ASSESSMENTS: PAYMENT TO AGENT. Payment of an assessment to the local agent of an insurance company, who has generally been entrusted by the company to make such collections, and who received the money for the company, must be regarded as payment to the company, in the absence of evidence that such assessment was not forwarded to the agent for collection.

98 Neb. 32

3. **Appeal: INSTRUCTION.** The jury having found upon sufficient evidence that no notice of the assessment was mailed to defendant, as alleged, an instruction which in effect made the receipt of the notice, instead of the mailing thereof, the test of due service, if erroneous under the contract, was without prejudice to defendant.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Sackett & Brewster,* for appellant.

*S. D. Killen, contra.*

SEDGWICK, J.

This action was brought in the county court of Gage county upon a certificate of accident insurance, and was afterwards appealed to the district court for that county. There was a verdict and judgment in favor of plaintiff, and the defendant has appealed.

There is no contention as to the character and amount of the insurance, nor as to the alleged accident and amount of recovery, if defendant is liable. The defense is that the plaintiff was in default of payment of an assessment, and had thereby forfeited his insurance when the accident occurred.

The defendant is a Massachusetts corporation, with its principal office at Worcester, in that state. It appears that about the 16th of March, 1908, an assessment had been made on the certificate holders, and on that day notices of assessment were sent by mail. The contract provided: "Any certificate holder failing to pay his assessments within thirty days of notice thereof shall forfeit all claims upon the association. * * * Notice of assessment sent to the last given postoffice address of the certificate holder shall be deemed a proper legal notification." The plaintiff testified that he had not received any notice of this assessment prior to the 4th day of May, 1908, and that on that day he paid to the agent of the association at Wymore the amount of the assessment. One of the questions was whether the notice of this assessment had been properly mailed to the plaintiff as the contract provided. The de-

fendant offered the evidence of Mr. Harrington, its general manager, and that of Miss Sawyer, its bookkeeper. When Mr. Harrington was asked whether or not the notice was mailed to Mr. O'Donnell on March 16, 1908, he answered, "It was to the best of my knowledge," and testified that Miss Sawyer "had immediate supervision of the mailing of such call," so that his testimony cannot be considered as proof that a notice was mailed to the plaintiff. Miss Sawyer testified that the call for the assessment was issued under her immediate supervision, and that such call was mailed from the home office March 16, 1908. She was then asked: "State whether or not such call so mailed to Daniel O'Donnell was mailed to him by you? A. Yes; it was." In her former answer she had stated as to when the call was generally mailed, and it will be noticed that she does not state directly that the notice was mailed to all of the policy holders on the same date, or that the notice was mailed to this plaintiff at the same time that it was mailed to other policy holders. There were other circumstances in the evidence tending to throw some doubt on the mailing of this notice, and the court properly submitted to the jury the question whether or not the notice was mailed prior to the 4th day of May, 1908, and the jury answered that it was not.

It is contended by the defendant that payment to the local agent at Wymore was not payment to the company, but there is evidence indicating that it was the practice of the company to forward statements of assessment to the local agent for collection, and it is not pointed out in the briefs that this was not done in this case, nor is it suggested that the agent failed to remit the assessment to the company or that the amount had ever been returned to the plaintiff. We think the jury was justified in finding that the agent was authorized to receive this payment.

The court instructed the jury: "If you find from the evidence that plaintiff, by himself or wife, paid the assessment of $3, which was due April 15, 1908, to F. E. Crawford in Wymore, Nebraska, within 30 days after having received a notice of such assessment, as provided in said

certificate of insurance, or if you find from the evidence that no such notice was ever sent to plaintiff by defendant, as provided in said certificate of insurance, then your verdict will be for plaintiff." This instruction is apparently technically inaccurate, in that it indicates that the notice to the plaintiff would not be sufficient unless actually received by him, which, if the provision of the contract is valid, would be inconsistent with such provision. But, the jury having found upon sufficient evidence that no notice was in fact mailed to the plaintiff, the error, if any, in the instruction quoted was without prejudice to the defendant.

The briefs are not in compliance with the rules, and we have not observed any prejudicial error requiring reversal.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.